UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALICE KIPP,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARATHON CHEESE<br>CORPORATION, et al.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-245-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion to dismiss filed by defendant Marathon. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part, dismissing the claim for intentional interference with prospective economic advantage, but will deny the remainder of the motion.

# LITIGATION BACKGROUND

Plaintiff Alice Kipp was a production line worker for defendant Marathon Cheese Corporation when she injured her wrist while on the job. Kipp filed a workers' compensation claim, but her injury was determined to be a pre-existing condition, and she was fired. She asked to be re-hired with an accommodation for her injury, but Marathon refused.

Kipp responded by filing this lawsuit alleging that her termination constituted (1) a violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and

**Memorandum Decision & Order – page 1**

the Idaho Human Rights Act, I.C. § 67-5901, et seq.; (2) intentional infliction of emotional distress; 3) negligent infliction of emotional distress; and 4) intentional interference with prospective economic advantage. Marathon has moved to dismiss the last three counts. Kipp agrees that count four should be dismissed but objects to dismissing counts two and three.

## ANALYSIS

### Intentional Infliction of Emotional Distress

Marathon argues that Kipp has failed to allege the outrageous conduct required for this claim. Idaho courts require extremely bad behavior on the part of defendants to allow a claim of intentional infliction of emotional distress. *See, e.g., Edmondson v. Shearer Lumber Prods.*, 75 P.3d 733, 741 (2003) (noting that, even if a defendant's conduct is "unjustifiable," it does not necessarily rise to the "outrageous" standard; to do so, it must be "atrocious and beyond all possible bounds of decency "). An employer's violation of the ADA, standing alone, does not satisfy the outrageous or atrocious element. *Ward v. Sorrento Lactalis, Inc.,* 392 F.Supp. 2d 1187, 1195 (D.Id. 2005). Under Idaho law, the Court acts as a gatekeeper to determine, at the summary judgment stage generally, whether there is sufficient evidence to cause reasonable persons to differ on whether the employer's conduct was sufficiently outrageous or atrocious. *Edmondson,* 75 P.3d at 741. Marathon argues that Kipp's allegations are so vague that they fail to describe outrageous conduct and must be dismissed.

Kipp has alleged in her complaint that Marathon's conduct in firing her was outrageous and malicious. More specifically, she alleges that (1) her medical care for the

**Memorandum Decision & Order – page 2**

wrist injury was "directed and controlled" by Marathon; and (2) the diagnosis that got her fired – a diagnosis that her wrist injury existed before the work accident – was made by physicians selected by Marathon for their willingness to attribute injuries "to pre-existing conditions whenever possible." *See Complaint (Dkt. No. 1)* at ¶¶ 26,47-48. With this allegation, Kipp has gone beyond a vague claim that Marathon acted outrageously, and has provided sufficient detail to satisfy the pleading standards at the motion to dismiss stage. *See Feltmann v. Petco,* 2012 WL 1189913 (D.Id. March 20, 2012) (denying motion to dismiss when complaint alleged sufficient detail on sexual harassment claim).

Marathon also argues that Kipp has failed to allege any facts to back up her allegation that she has suffered "severe emotional distress," *see Complaint, supra* at ¶ 77. However, that allegation is sufficient because the Idaho Supreme Court has held that plaintiffs' subjective testimony about their severe emotional distress was enough, by itself, to satisfy this requirement. *See Spence v. Howell,* 890 P.2d 714, 725 (Id.Sup.Ct. 1995).

**Negligent Infliction of Emotional Distress**

To establish a claim for negligent infliction of emotional distress, there must be both an allegation and proof that a party claiming negligent infliction of emotional distress has suffered a physical injury, i.e., a physical manifestation of an injury caused by the negligently inflicted emotional distress. *McWilliams v. Latah Sanitation, Inc.,* 554 F.2d 1165, 1184-85 (D.Id. 2008). The Idaho Supreme Court has recognized that even in a case lacking what might be commonly described as a physical injury, it is sufficient if the plaintiff alleges physical manifestations of emotional trauma such as "sleep disorders,

**Memorandum Decision & Order – page 3**

headaches, stomach pains, suicidal thoughts, fatigue, loss of appetite, irritability, anxiety, reduced libido and being 'shaky-voiced.'" *Carrillo v. Boise Tire Co., Inc.,* 274 P.3d 1256, 1265 (Id.Sup.Ct. 2011). In the *Carrillo* case, the court found that the injury requirement was met when evidence showed that the plaintiff "regressed in development, appeared withdrawn and suffered nightmares." *Id.*

Kipp alleges in her complaint that her firing, and her subsequent difficulty finding employment, "has had a significant emotional impact" on her, and has caused her "pain and suffering and extreme and severe mental anguish." *Complaint, supra,* at ¶¶ 65, 101. The allegation of pain appears to be a physical manifestation of the emotional distress and hence falls within *Carrillo*. Of course, Kipp will need to be much more specific at the summary judgment stage, but in this early stage her allegations are sufficient to withstand a motion to dismiss.

Marathon argues next that Kipp's claim is preempted by the workers' compensation law. However, this same argument was made and rejected in *Bollinger v. Fall River Rural Elec. Co-op., Inc*., 272 P.3d 1263, 1273 (Id.Sup.Ct. 2012).

**Intentional Interference with Prospective Economic Advantage**

Kipp agrees that this claim should be dismissed, and the Court will so order.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 8) is GRANTED IN PART AND DENIED IN PART. It is granted to the

extent it seeks to dismiss the claim for intentional interference with prospective economic advantage. It is denied in all other respects.

DATED: February 1, 2019

B. Lynn Winmill
U.S. District Court Judge